IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMY CALDERON,                         CASE NO:

    Plaintiff,

v.

TARIMANI SAKANELASHVILI, KS GLOBAL, LLC,
GA LOGISTICS GROUP CORP and
ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendants.
_____/

## DEFENDANT, GA LOGISTICS GROUP CORP'S NOTICE OF REMOVAL TO FEDERAL COURT

Defendant, GA LOGISTICS GROUP CORP, by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446 and Local Rule 1.06, gives Notice of Removal of this case to the United States District Court for the Middle District of Florida, and states as follows:

1.    Pursuant to 28 U.S.C. Sections 1332 (a), 1441(a), and 1446, Defendant gives notice that the civil action presently pending in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, entitled Amy Calderon v. Tarimani Sakanelashvili, KS Global, LLC, GA Logistics Group Corp, and Allstate Fire and Casualty Insurance Company, Case No.: 2026-CA-004883, is removed to this Court.

2.      Plaintiff Amy Calderon filed this action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and served Defendant GA Logistics Group Corp with the Summons and Complaint via process server on May 12, 2026. A copy of the State Court Complaint is attached as Exhibit "**A**" and a copy of the state court docket and all other state court process, pleadings, and papers are attached collectively as Composite Exhibit "**B**."

3.      In the State Court Complaint, Plaintiff alleges a cause of action for negligence and vicarious liability arising out of a motor vehicle accident that occurred on December 5, 2024. *See* Exhibit "**A**," Compl. at ¶¶ 9, 14, 19, and 22.

4.      In the State Court Complaint, Plaintiff does not allege her state or county of residency. However, pursuant to the Florida Traffic Crash Report generated following the subject motor vehicle accident and public property records, Plaintiff is a natural person residing in Wesley Chapel, Hillsborough County, Florida. Thus, based on knowledge and belief, Plaintiff was a resident of the state of Florida, Hillsborough County, at the time of the motor vehicle accident on December 5, 2024. A copy of the redacted Florida Traffic Crash Report and public property records are attached collectively as Composite Exhibit "**C**."

5.      In the State Court Complaint, Plaintiff seeks damages for "bodily injury and resulting pain and suffering, disability, disfigurement, and mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing

care treatment, loss of earnings, loss of ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future." *See* Exhibit "**A**," Compl. at ¶¶ 16,19, and 23.

6.      Plaintiff's Complaint alleges that "[t]his is an action which exceeds Fifty Thousand Dollars ($50,000.00)." *See* Exhibit "**A**," Compl. at ¶ 1.

7.      While the State Court Complaint does not specify the amount of damages that Plaintiff seeks from Defendant, a pre-suit demand letter for a demand amount greater than Seventy-Five Thousand Dollars ($75,000.00) was sent from Plaintiff's attorney to Defendant's liability insurance carrier. A copy of the damages section from Plaintiff's pre-suit demand letter dated March 27, 2026 is attached as Exhibit "**D**." The demand letter and corresponding documentation referenced therein, outline Plaintiff's allegations that her total damages allegedly incurred as a result of the subject motor vehicle accident were $2,609.48 for property damage, $559,714.32 for past medical expenses, $74,232.00 for future medical expenses, $1,499.52 for loss of income, $123,726.81 for loss of household services, $20,820.68 for lien amounts, and $2,582,016.00 for past and future pain and suffering. Id.

8.      Plaintiff's total damages allegedly incurred as a result of the subject motor vehicle accident amount to $3,364,618.81. Id.

9.  Plaintiff's past medical expenses allegedly incurred as a result of the subject motor vehicle accident amount to $559,714.32. Id.

10.  The United States Supreme Court has concluded that a "defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014).

11.  Moreover, courts in this district have relied on pre-suit demands to determine the amount in controversy. *See* Spector v. Suzuki Motor of Am., Inc., 2:17-CV-650-FTM-99CM, 2018 WL 345925, at *2-3 (M.D. Fla. Jan. 10, 2018) (finding the defendant's Notice of Removal showed the amount of controversy exceeded $75,000, by attaching the plaintiff's pre-suit demand letter claiming $68,218.87 in medical bills and demanding $275,000 to settle the case); Chiu v. Terminix Co. Int'l, L.P., 8:16-CV-306-T-24 JSS, 2016 WL 1445089, at *2 (M.D. Fla. Apr. 13, 2016) (denying a motion for remand, finding pre-suit demand letter was "sufficiently detailed with doctor visits and diagnosis" for the Court to determine that the amount in controversy more likely than not exceeds $75,000); Golden v. Travelers Home & Marine Ins. Co., 813CV01460JDWTGW, 2013 WL 12157844, at *1 (M.D. Fla. Aug. 23, 2013) (denying a motion for remand, in part, on the grounds that "pre-suit demand letter was not merely a settlement offer, but rather, Plaintiff detailed the expenses he had actually incurred as a result of the motor

vehicle accident"); <u>Lutins v. State Farm Mut. Auto. Ins. Co.</u>, 3:10-CV-817-J-99MCR, 2010 WL 6790537, at *2 (M.D. Fla. Nov. 4, 2010) (denying a motion for remand and finding that "[the plaintiffs] demand letter details various expenses, including medical costs of $8,000 and future surgery costs estimated to range between $75,000 and $90,000. Although the letter's conclusion that [plaintiff's] injuries would support an award 'far in excess' of $200,000 may have been mere posturing, the hard medical costs detailed in the letter sufficiently prove the requisite amount in controversy").

12.    Accordingly, Defendant has provided a plausible allegation and sufficient evidence as to the damages alleged by Plaintiff. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and the amount in controversy requirement is satisfied. *See* 28 U.S.C. 28 U.S.C. § 1332(a); 28 U.S.C. § 1446(b)(3) (providing that the requirement for removal may be ascertained form "other paper").

13.    Removal of this case is warranted under 28 U.S.C. § 1441(b) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

14.    According to the redacted Florida Traffic Crash Report and public property records, Plaintiff was and is a natural person residing in Wesley Chapel, Hillsborough County, Florida. Thus, Plaintiff is a Florida citizen for the purposes of determining diversity of citizenship.

15.     Plaintiff's Complaint alleges that Defendant Tarimani Sakanelashvili is a resident of Philadelphia County, Pennsylvania. *See* Exhibit "**A**," Compl. at ¶ 2.

16.     Plaintiff's Complaint alleges that Defendant KS Global, LLC is a Limited Liability Company, which has its principal office in Monmouth County, New Jersey. *See* Exhibit "**A**," Compl. at ¶ 3.

17.     Plaintiff's Complaint alleges that Defendant GA Logistics Group Corp, a corporation, had its principal office in Monmouth County, New Jersey. *See* Exhibit "**A**," Compl. at ¶ 4.

18.     Plaintiff's Complaint alleges that Defendant Allstate Fire and Casualty Insurance Company was a Florida profit corporation doing business in the State of Florida. *See* Exhibit "**A**," Compl. at ¶ 5. However, Allstate Fire and Casualty Insurance Company is incorporated in and maintains a principal place of business in Northbrook, Illinois. A copy of Allstate Fire and Casualty Insurance Company's Annual Reports, dated 2024 through 2026 are attached collectively as Composite Exhibit "**E**."

19.     Regarding corporate citizenship, the federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332 (c)(1)) (emphasis omitted). Therefore, Defendants KS Global, LLC and GA

Logistics Group Corp, are citizens of New Jersey for the purposes of determining diversity of citizenship. Further, Defendant Allstate Fire and Casualty Insurance Company is a citizen of Illinois for the purposes of determining diversity of citizenship.

20.   Plaintiff's Complaint alleges that Tarimani Sakanelashvili is a resident of Philadelphia County, Pennsylvania. *See* Exhibit "**A**," Compl. at ¶ 2. Therefore, Defendant Tarimani Sakanelashvili is a citizen of Pennsylvania for the purposes of determining diversity of citizenship.

21.   Consequently, there is complete diversity of citizenship between Plaintiff and Defendants. *See* generally Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1248 n.2 (11th Cir. 2005) (noting that a party establishes diversity by showing that parties are not citizens of the same state).

22.   This Court has original "diversity" jurisdiction over Plaintiff's action under 28 U.S.C. § 1332, and Plaintiff's action is one that Defendant may remove to this Court pursuant to 28 U.S.C. § 1441 and 1446, because the action is between citizens of different states, and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

23.   Defendant is not in default and this Notice of Removal has been filed pursuant to 28 U.S.C. § 1446(b), which provides that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant,

through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Thus, the removal period began when the Plaintiff served Defendant GA Logistics Group Corp with the Summons and Complaint on May 12, 2026. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. § 1446(b).

24.    Pursuant to 28 U.S.C. § 1446(b)(2), Defendant GA Logistics Group Corp, Inc. has conferred with all Co-Defendants, including Tarimani Sakanelashvili, KS Global, LLC, and Allstate Fire and Casualty Insurance Company. As such, all Defendants have provided consent to remove this matter to federal court.

25.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06 a true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind presently on file with the state court has been filed with this Notice of Removal and is attached as Composite Exhibit "**B**."

26.    On the same date as this Notice of Removal was signed, Defendant served a copy of this Notice of Removal to Plaintiff's counsel. 28 U.S.C. § 1446 (d).

27.    On the same date as this Notice of Removal was signed, Defendant served and filed a copy of this Notice of Removal with the Clerk of the Circuit Court

of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, the court in which this action was commenced and pending at the time this Notice of Removal was filed with the Court. 28 U.S.C. § 1446 (d); *see* also Notice of Filing Removal filed in state court attached as Exhibit "**F**."

28.     Defendant has removed this case to the Tampa Division of the Middle District of Florida because the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County is in the Tampa Division of the Middle District of Florida. Thus, venue is proper under 28 U.S.C. § 1441 and § 1446.

29.     Federal Rule of Civil Procedure 81(c)(2)(C) gives Defendant seven (7) days from the date of this removal to answer or file a motion in response to the Complaint.

WHEREFORE, Defendant GA LOGISTICS GROUP CORP, INC., respectfully request that the above-entitled action now pending against them in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, be removed to the United States District Court for the Middle District of Florida.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 11th day of June, 2026, the foregoing was filed with the Clerk, using the Court's CM/ECF system, which will send a notice of electronic filing to the following parties of record:

**Martin Macyszyn, Esq.**
Lucas, Macyszyn & Dyer Law Firm, PLLC
9020 Rancho Del Rio Drive, Suite 101
New Port Richey, Florida 34655

Telephone: 727-849-5353
Facsimile: 727-845-7949
E: service@lmdlawfirm.com
jessica@lmdlawfirm.com
*Attorney for Plaintiff*

**Gregory A. Lupiani, Esq.**
Law Office of Carroll, Stephan, Tucy, Goldstein and Goldberg
800 Corporate Drive, Suite 300
Fort Lauderdale, Florida 33334
Telephone: 877-886-2591
Facsimile: 877-838-0840
E: tampalegal@allstate.com
*Attorney for Allstate Fire and Casualty Insurance Company*

/s/ ***Jody M. Valdes***
JODY M. VALDES, ESQ.
Florida Bar No. 0506291
MEGAN B. COLLINS, ESQ.
Florida Bar No. 99547
Lead Trial Counsel
Weekley Schulte Valdes Murman Tonelli
1635 North Tampa Street
Tampa, FL 33602
(813) 221-1154 Telephone
(813) 221-1155 Facsimile
Primary email:  service@wsvlegal.com
Secondary email: wv@wsvlegal.com
*Attorneys for Defendants*